1   McGREGOR W. SCOTT
    United States Attorney
2   LAUREL J. MONTOYA
    Assistant United States Attorney
3   Robert E. Coyle Federal Courthouse
    2500 Tulare Street
4   Fresno, CA 93721

5   (559) 497-4000

6   Attorneys for Plaintiff
    United States of America
7

8                    IN THE UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,            CASE NO.  1:18-CR-00228-DAD-BAM
                                                   1:18-MJ-00177-EPG
12                  Plaintiff,
                                         STIPULATION REGARDING EXCLUDABLE
13        v.                             TIME PERIODS UNDER SPEEDY TRIAL ACT;
                                         AND ORDER
14  CHAMPA SAYADETH,
                                         DATE: September 28, 2020
15                  Defendant.           TIME: 1 p.m.
                                         COURT: Hon. Barbara A. McAuliffe
16

17        These cases are set for status conference on September 28, 2020.  On May 13, 2020, this Court

18  issued General Order 618, which suspends all jury trials in the Eastern District of California until further

19  notice.  This General Order was entered to address public health concerns related to COVID-19.

20  Further, pursuant to General Order 611 and 620, this Court's declaration of judicial emergency under 18

21  U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's

22  judicial emergency, this Court has allowed district judges to continue all criminal matters to a date after

23  May 1, 2020.[1]

24        Although the General Order addresses the district-wide health concern, the Supreme Court has

25  emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive

26  openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case.

27
    _____
28        [1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the
    request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order
    will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

    STIPULATION REGARDING EXCLUDABLE TIME              1
    PERIODS UNDER SPEEDY TRIAL ACT

1   *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no

2   exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  And moreover, any such failure cannot be harmless.  *Id.*

3   at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a

4   judge ordering and ends-of-justice continuance must set forth explicit findings on the record "either

5   orally or in writing").

6        Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

7   and inexcusable—General Orders 611, 612, 617, 618, and 620 and the subsequent declaration of judicial

8   emergency require specific supplementation.  Ends-of-justice continuances are excludable only if "the

9   judge granted such continuance on the basis of his findings that the ends of justice served by taking such

10  action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. §

11  3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the

12  case, either orally or in writing, its reason or finding that the ends of justice served by the granting of

13  such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

14       The General Orders and declaration of judicial emergency exclude delay in the "ends of justice."

15  18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address

16  continuances stemming from pandemics, natural disasters, or other emergencies, this Court has

17  discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-

18  week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d

19  764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed.

20  *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to

21  exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).

22  The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated

23  by the statutory rules.

24       In light of the societal context created by the foregoing, this Court should consider the following

25  case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

26  justice exception, § 3161(h)(7) (Local Code T4).[2]  If continued, this Court should designate a new date

27

28  _____
   [2] The parties note that General Order 612 acknowledges that a district judge may make
   "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D.
   Cal. March 18, 2020).

1    for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any

2    pretrial continuance must be "specifically limited in time").

3                                    **STIPULATION**

4           Plaintiff United States of America, by and through its counsel of record, and defendant, by and

5    through defendant's counsel of record, hereby stipulate as follows:

6           1.      By previous order, these matters were set for status on September 28, 2020.

7           2.      By this stipulation, defendant now moves to continue the status conference until

8    December 14, 2020, and to exclude time between September 28, 2020, and December 14, 2020, under

9    Local Code T4.

10          3.      The parties agree and stipulate, and request that the Court find the following:

11                  a)      The government has represented that the discovery associated with this case has

12   been either produced directly to counsel and/or made available for inspection and copying.

13                  b)      Counsel for defendant desires additional time to consult with his client, discuss

14   case resolution, and review the discovery.  The government has provided a plea agreement to

15   counsel for the defendant.

16                  c)      Counsel for defendant believes that failure to grant the above-requested

17   continuance would deny him/her the reasonable time necessary for effective preparation, taking

18   into account the exercise of due diligence.

19                  d)      The government does not object to the continuance.

20                  e)      In addition to the public health concerns cited by General Order 611 and

21   presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in

22   this case because Counsel or other relevant individuals have been encouraged to telework and

23   minimize personal contact to the greatest extent possible.  It will be difficult to avoid personal

24   contact should the hearing proceed.

25                  f)      Based on the above-stated findings, the ends of justice served by continuing the

26   case as requested outweigh the interest of the public and the defendant in a trial within the

27   original date prescribed by the Speedy Trial Act.

28

1           g)    For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

2   et seq., within which trial must commence, the time period of September 28, 2020 to December

3   14, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local

4   Code T4] because it results from a continuance granted by the Court at defendant's request on

5   the basis of the Court's finding that the ends of justice served by taking such action outweigh the

6   best interest of the public and the defendant in a speedy trial.

7       4.    Nothing in this stipulation and order shall preclude a finding that other provisions of the

8   Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

9   must commence.

10      IT IS SO STIPULATED.

11  Dated:  September 18, 2020            McGREGOR W. SCOTT
                                                            United States Attorney
12

13                                           /s/ LAUREL J. MONTOYA
                                                            LAUREL J. MONTOYA
14                                         Assistant United States Attorney

15

16  Dated:  September 18, 2020           /s/ MARK COLEMAN

17                                        JEREMY M. DOBBINS
                                                            Counsel for Defendant
18                                        CHAMPA SAYADETH

19

20                              **ORDER**

21      IT IS SO ORDERED that the Status Conference is continued from September 28, 2020 to

22  **December 14, 2020, at 1:00 p.m. before Magistrate Judge Barbara A. McAuliffe.**  Time is excluded

23  pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv).

24  IT IS SO ORDERED.

25      Dated:  __September 18, 2020__        /s/ Barbara A. McAuliffe

26                                  UNITED STATES MAGISTRATE JUDGE

27

28